# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

| | | |
|---|---|---|
| JANET PICHON HIXSON and | ) | |
| RICHARD HIXSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CAUSE NO. 3:17-CV-166-PPS-MGG |
| v. | ) | |
| | ) | |
| STEPHANIE GOTTSCHALK *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case originally arose out of a child custody determination made by the
Superior Court of Wabash County, Indiana depriving Plaintiffs Janet Pichon Hixson
and Richard Hixson of custody of Mrs. Hixson's two children. I earlier dismissed this
action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because,
at bottom, what the Hixsons really want is relief from the state court judgment. [DE 44.]

One claim, however, stood out as something that might be unaffected by *Rooker-
Feldman*, which is that the Hixsons were unlawfully recorded without their knowledge.
I, therefore, dismissed the action but allowed the Hixsons to file an amended complaint
regarding the making of the allegedly unlawful recording. I very clearly noted that
Hixsons were granted leave to amend on the issue of the *creation* of the recording only
and nothing else. [*Id.* at 15 ("I will grant the Hixsons leave to file an amended
complaint limited to the issue of, and only against those defendants responsible for, the

1

creation of the allegedly unlawful recording.".] I also cautioned the Hixsons to consider whether issue preclusion or collateral estoppel prevented such a filing given that there was already some litigation regarding the tape recording. [*Id.* at 15.]

To put it bluntly, the Hixsons ignored my directive. They filed an amended complaint and explicitly stated that none of the Defendants made the recording. [DE 45 at ¶12.] Rather, it was Mrs. Hixson's two sisters who made the surreptitious recording, neither of whom are named in this action. [*Id.*] What's more, the Hixsons concede that an action regarding the *creation* of the recording was previously litigated in the Western District of North Carolina. [*Id.* at ¶¶16-17.] And, providing the final fatal blow to this action, the Hixsons assert "[t]he issue presented to the Court is concerning the use and disclosure of a non-consensual recording, not the creating of the recording, which the Court has noted the settlement over this issue." [*Id.* at ¶24.] The Hixsons, therefore, concede that they do not, and cannot assert a claim regarding the *creation* of the recording—the only issue for which I permitted them to amend their complaint. Instead, they wasted the time of this Court and these Defendants by filing an amended complaint regarding an issue that I have already told them they may not pursue in this Court because it is barred by *Rooker-Feldman*. [DE 44 at 14 ("To be clear, as pleaded, the alleged wrongdoing by Silvers and Hammond for providing a copy of the recording to Gottschalk, and Gottschalk's actions in giving it to Judge McCallen, all falls squarely within the confines of the process surrounding the underlying state action and is, therefore, inextricably intertwined with it. As such, I do not have jurisdiction over

2

those claims as pleaded pursuant to *Rooker-Feldman*.")).] Accordingly, this case will be dismissed.

As a final matter, the Defendants filed motions to dismiss, which are mooted by the dismissal of this action. In addition to the remedy of dismissal, Defendant Doyle Silvers' motion asks for attorneys fees pursuant to Indiana Code § 34-52-1-1-(b). [DE 59.] Given that this matter is in federal court, Indiana Code § 34-52-1-1-(b) is an improper avenue through which to pursue fees. Furthermore, I do not believe that an award of attorneys fees is a necessary remedy in this case.

ACCORDINGLY:

The amended complaint, DE 45, is **DISMISSED WITH PREJUDICE**. The Clerk shall treat this case as **TERMINATED.** The Defendants' motions to dismiss, DE 49, 56, 59, 61, are **DENIED AS MOOT.**

**SO ORDERED.**

ENTERED: April 4, 2018.

 s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**